UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    Arthur Thomas Marchese,
    Deborah Jean Marchese,
        Debtors.

Chapter 13 Case
# 09-10386

Filed & Entered
On Docket
September 23, 2009



_____

*Appearances:*    Rebecca Rice, Esq.        Antonin Robbason, Esq.
                Cohen & Rice                 Miller & Faignant, PC
                Rutland, Vt.                  Rutland, Vt.
                For the Debtors          For the Creditor

**ORDER**
**Granting Creditor's Motion to Quash, Sustaining Creditor's Objection to Plan,**
**Setting Due Date for Amended Plan, and Setting Continued Confirmation Hearing**

On May 5, 2009, the Debtors filed an amended motion to determine value of collateral, concerning a 2007 Ford F150 vehicle (doc. # 17). Ford Motor Credit Company LLC (the "Creditor") filed opposition to that motion (doc. # 22), arguing that, under the "910-day rule" set out in 11 U.S.C. § 1325, the relief requested by Debtors had no basis in law. The Creditor filed its opposition to the valuation motion after the default objection deadline but before the Court entered an Order on the motion. That Order (doc. # 34), entered on June 15, 2009, granted the Debtors' motion to determine value of collateral, denied the Creditor's motion to allow a late-filed objection, and observed that although the Court had determined the value of the collateral, it had not determined whether the Debtors had the right to bifurcate the Creditor's claim and would address that issue in the context of the plan confirmation proceedings.

In its timely filed objection to confirmation (doc. # 23), the Creditor argued that: the plan's proposed treatment of its secured debt constituted an impermissible modification and cram down under § 1325 of the Bankruptcy Code. At the confirmation hearing held on August 20, 2009, the Court authorized the parties to engage in discovery and set out a schedule for briefing on the question of whether bifurcation of the Creditor's claim in the plan violated the Bankruptcy Code.

On September 9, 2009, the Creditor filed a motion to quash, asserting that the Debtor's discovery requests were overbroad and burdensome and interposing specific objections to some of the requests (doc. # 57). The Creditor also argued that, overall, the documents the Debtors were requesting were irrelevant due to the application of the parol evidence rule. <u>Id.</u> It pointed out that the contract included a provision labeled "use for which purchased," where the "personal" box was checked. The Creditor argued that since the contract unambiguously stated that the vehicle was to be used for personal purposes, extrinsic evidence contrary to the contract could not be introduced to contravene that provision. It was the Creditor's

position that for this reason, the discovery requests should be denied in toto. Id.

The "hanging paragraph" following § 1325(a)(9) provides that a claim cannot be bifurcated if (1) the holder of the claim has a purchase money security interest securing its debt; (2) the debt was incurred within 910 days preceding the date the debtors filed their bankruptcy petition; and (3) where the collateral is a motor vehicle, it was acquired for personal use of the debtor. Thus, pursuant to this provision, if the Debtors had acquired the vehicle which was collateral for the Creditor's claim for personal use, they could not bifurcate the Creditor's claim, as they had proposed in their plan.

Vermont law, which applies to interpretation of contracts, is crystal clear.

> A contract term is ambiguous if "reasonable people could differ as to its interpretation." Trs. of Net Realty Holding Trust v. AVCO Fin. Servs. of Barre, Inc., 144 Vt. 243, 248, 476 A.2d 530, 533 (1984). The question of whether the language of a contract is ambiguous is a matter of law . . . Downtown Barre Dev. v. C & S Wholesale Grocers, Inc., 2004 VT 47, ¶ 8, 177 Vt. 70, 857 A.2d 263. The interpretation of an unambiguous contract is also a question of law,. . . . Morrisseau v. Fayette, 164 Vt. 358, 366, 670 A.2d 820, 826 (1995). Although some evidence regarding the circumstances surrounding the making of a contract may be considered by the court to determine whether the provisions are ambiguous, Isbrandtsen v. N. Branch Corp., 150 Vt. 575, 578-79, 556 A.2d 81, 84 (1988), "those circumstances 'may not be used to vary the terms of an unambiguous writing.' " Downtown Barre Dev., 2004 VT 47, ¶ 8, 177 Vt. 70, 857 A.2d 263 (quoting Kipp v. Chips Estate, 169 Vt. 102, 107, 732 A.2d 127, 131 (1999)). If the terms of the contract are plain and unambiguous, "they will be given effect and enforced in accordance with their language." KPC Corp. v. Book Press, Inc., 161 Vt. 145, 150, 636 A.2d 325, 328 (1993).

O'Brien Bros. P'ship LLP v. Plociennik, 182 Vt. 409, 414, 940 A.2d 692, 695 (2007).

The contract here explicitly stated that the Debtors would be using the vehicle for "personal use." It is not ambiguous. At the September 22, 2009 hearing, the only objection raised by the Debtors' attorney to counter the Creditor's invocation of the parol evidence rule was that Debtors had not checked the box, and therefore extrinsic evidence as to formation of the contract should be admitted. The Court finds that argument to be without merit. The Debtors are presumed to have read the contract before they signed it and "where there is no fraud or circumvention, it is not for courts of equity to relieve a party from the mere results of his own carelessness, negligence, or laches not induced by the conduct of the other party, since equity assists the vigilant, not the negligent." Ward v. Lyman, 108 Vt. 464, 188 A.892, 895 (1937).

Accordingly, IT IS ORDERED that the Creditor's Motion to Quash (doc. # 57) is GRANTED.

This determination that the Debtors may not bifurcate the Creditor's claim under § 506 compels the conclusion that the Debtors' treatment of the Creditor's claim in the plan violates the Bankruptcy Code, see § 1325(a), and resolves the Creditor's outstanding objection to confirmation of the plan. Consequently, for the reasons set forth above, IT IS FURTHER ORDERED that the Creditor's objection to confirmation of the plan (doc. # 23) is SUSTAINED.

IT IS FURTHER ORDERED that the Debtor shall file an amended plan, consistent with the terms of this Order, <u>by October 6, 2009</u>, and the continued confirmation hearing shall be held <u>October 20, 2009 at 9 a.m.</u>

SO ORDERED.

|  |  |
|---|---|
| September 23, 2009 | Colleen A. Brown |
| Rutland, Vermont | United States Bankruptcy Judge |

3